J. T. PRICE, B. F. CARLTON, H. D. WOOD, O. H. THOMAS AND FRANK HANDLEY, AS THE BOARD OF COUNTY COMMISSIONERS OF ALACHUA COUNTY, FLORIDA, *Appellants*, v. S. T. DELL, G. T. KENNARD, A. L. JACKSON AND W. F. ZETROUER, *Appellees*.

En Banc.

Opinion Filed August 20, 1926.

Petition for Rehearing denied February 19, 1927.

An Appeal from the Circuit Court for Alachua County; A. Z. Adkins, Judge.

*W. S. Broome* and *S. L. Scruggs*, for Appellants;

*E. M. Johns*, for Appellees.

PER CURIAM.—This appeal is from an order overruling a demurrer to a bill of complaint and from an order enjoining the holding of an election called by the county commissioners to be held in Alachua County under Chapter 10316, Laws of Florida, to decide whether or not live stock shall be allowed to run or roam at large in said county. A supersedeas was granted.

Even if the provisions of Section 14 of the statute is

invalid because it is so unjustly and arbitrarily discriminating that it will operate as a denial of the equal protection of the laws to citizens of Alachua county, or because the tax levy authorized by such section is violative of organic law, such section may be regarded as eliminated (as required by the terms of Sec. 12 of the Act) and the election provided for by the Act could be held, no substantial failure to comply with the election features of the Act being made to appear. The Act expressly provides that "in the event the result of the election is against live stock running at large, this Act shall become enforceable January 1, 1927," so the enforceable date of the police regulation has not yet arrived.

Orders reversed.

BROWN, C. J., AND WHITFIELD, ELLIS AND TERRELL, J. J., concur.

STRUM AND BUFORD, J. J., dissent.

BUFORD, J., dissenting:

My view is that Section 14 of Chapter 10316, Laws of Florida, Special Acts of the Legislature, 1925, has the effect of so discriminating between the rights of like situated property belonging to differently situated owners as to bring it in direct conflict with Section One of the Bill of Rights of the State of Florida; and that such Section is therefore void. My further view is that such Section 14 is of such import that we cannot say that the Act standing with this section eliminated expresses the legislative will; and that the order of the Chancellor should be affirmed.